E-FILED
Thursday, 24 September, 2020  04:35:05 PM
Clerk, U.S. District Court, ILCD

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## SPRINGFIELD DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 18-cr-30014** |
| | ) | |
| **BRANDON PITTMAN,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## <u>OPINION</u>

**SUE E. MYERSCOUGH, U.S. District Judge:**

Before the Court is Defendant Brandon Pittman's Motion for Compassionate Release (d/e 28) requesting a reduction in his term of imprisonment pursuant to 18 U.S.C. § 3582(c)(1)(A). For the reasons set forth below, the motion is DENIED.

## I. BACKGROUND

On March 16, 2018, Defendant pled guilty to Possession of a Controlled Substance with Intent to Distribute in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(b). According to the Presentence Investigation Report (PSR) prepared for Defendant's sentencing, the conduct giving rise to Count 1 consisted of the with intent to distribute of approximately 2.19 kilograms of cocaine and

approximately 9.07 kilograms of cannabis.  PSR (d/e 15), ¶ 13.  On July 19, 2018, Defendant was sentenced to 84 months' imprisonment, to be followed by an 8-year term of supervised release. Defendant is currently serving his sentence at FCI Milan, and his projected release date is March 4, 2024.

On August 24, 2020, Defendant filed a pro se motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A).  See d/e 25.  On August 27, 2020, following the appointment of the Federal Public Defender's Office to represent Defendant, an amended Motion for Compassionate Release was filed.  See d/e 28.

Defendant seeks compassionate release due to his health issues and the COVID-19 pandemic. At sentencing, Defendant's body mass index (BMI) was approximately 34.3.  See PSR, ¶ 58 (noting that Defendant "stands 6 feet, 1 inches tall and weighs approximately 260 pounds").  Defendant now indicates that he weighs 290 pounds, which would give him a BMI of 38.3. Defendant also states that he had an "abusive" childhood, and argues that his "adverse childhood experiences" put him at greater risk of long term adverse health consequences. See Motion for Compassionate release, d/e 28, pg. 2.

On August 28, 2020, the Government filed a response opposing Defendant's motion. See d/e 29. The Government argues that Defendant has failed to establish extraordinary and compelling reasons warranting a sentence reduction, because Defendant's history of making unhealthy lifestyle choices and committing crimes when outside of Bureau of Prisons (BOP) custody shows that Defendant would likely not conduct himself in a way conducive to the safety of himself and others if released early. See id. p. 4.

On August 31, 2020, the U.S. Probation Office filed a Memorandum (d/e 31) concluding that Mr. Pittman's proposed release plan, under which he would reside with the family of his brother, Daniel Pittman, was suitable.

On September 1, 2020, Defendant filed a reply (d/e 32) to the Government's response. The reply disputes the Government's contention that BOP has been doing an "excellent job of managing its prison population and health programs," and argues that Defendant would have "control over his risk of infection" if he were not incarcerated, as opposed to being "at the mercy of the BOP and the other inmates." d/e 32, p. 2–3.

As of September 24, 2020, the Bureau of Prisons (BOP) reports

that FCI Milan currently has 1 confirmed positive case of COVID-
19.  See BOP: COVID-19 Update, Federal Bureau of Prisons,
https://www.bop.gov/ coronavirus/ (last accessed September 24,
2020).  The BOP also reports that 142 individuals currently at FCI
Milan who contracted COVID-19 in the past have recovered.  Id.
Three inmates at FCI Milan who contracted COVID-19 have died.
Id.

## II. ANALYSIS

As a general matter, the Court is statutorily prohibited from
modifying a term of imprisonment once it has been imposed.  See
18 U.S.C. § 3582(c).  However, several statutory exceptions exist,
one of which allows the Court to grant a defendant compassionate
release if certain requirements are met.  See 18 U.S.C. §
3582(c)(1)(A).

Section 603(b)(1) of the First Step Act amended the statutory
language at 18 U.S.C. § 3582(c)(1)(A).  See First Step Act of 2018,
Pub. L. No. 115-391, 132 Stat 5194.  Prior to the First Step Act, the
Court could grant a defendant compassionate release only if the
Director of the BOP filed a motion seeking that relief.  With the
enactment of the First Step Act, 18 U.S.C. § 3582(c)(1)(A) now

allows an inmate to file with the Court a motion for compassionate

release, but only after exhausting administrative review of a BOP

denial of the inmate's request for BOP to file a motion or waiting 30

days from when the inmate's request was received by the BOP,

whichever is earlier.  The statute now provides as follows:

> The court, upon motion of the Director of the Bureau of
> Prisons, or upon motion of the defendant after the
> defendant has fully exhausted all administrative rights to
> appeal a failure of the Bureau of Prisons to bring a
> motion on the defendant's behalf or the lapse of 30 days
> from the receipt of such a request by the warden of the
> defendant's facility, whichever is earlier, may reduce the
> term of imprisonment (and may impose a term of
> probation or supervised release with or without
> conditions that does not exceed the unserved portion of
> the original term of imprisonment), after considering the
> factors set forth in section 3553(a) to the extent that they
> are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a
> reduction . . . and that such a reduction is consistent
> with applicable policy statements issued by the
> Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A).

In this case, Defendant argues that he submitted a request to

the warden of FCI Milan more than 30 days ago. See d/e 28, p. 7.

The Government does not dispute this, or argue that Defendant has

failed to exhaust his administrative remedies. Therefore, the Court

finds that Defendant has met the 30-day requirement pursuant to 18 U.S.C. § 3582(c)(1)(A).

The Court must next consider whether "extraordinary and compelling reasons" warrant a reduction in Defendant's sentence, and whether "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).

Having considered the relevant factors set forth in 18 U.S.C. § 3553(a), the Court concludes that Defendant has not established that extraordinary and compelling reasons warrant a reduction in his term of imprisonment.  The spread of COVID-19 has presented extraordinary and unprecedented challenges for the country and poses a serious issue for prisons.  Due to the infectious nature of the virus, the Centers for Disease Control and Prevention (CDC) and state governments have advised individuals to practice good hygiene, social distancing, and isolation.  Social distancing can be difficult for individuals living in a prison.

In addition, Defendant's current BMI may be as high as 38.3. The CDC's current position is that individuals with a BMI of 30 or higher are at increased risk of severe illness from COVID-19.  See

People Who Are at Higher Risk for Severe Illness - Coronavirus,
Centers for Disease Control and Prevention,
https://www.cdc.gov/coronavirus/2019-ncov/need-extra-
precautions/groups-at-higher-risk.html (last accessed September
24, 2020).  An obese inmate housed in a BOP facility with current
cases of COVID-19 has established an extraordinary and compelling
reason that can justify a sentence reduction pursuant to 18 U.S.C.
§ 3582(c)(1)(A).

That does not mean that every inmate who is obese—or suffers
from some other health issue that increases the risk that COVID-19
poses—is entitled to compassionate release, however.  After
considering the factors set forth in 18 U.S.C. § 3553(a), the Count
finds that a reduction in Defendant's term of imprisonment is not
warranted.

Defendant is a 36-year-old man who, in 2018, informed the
Probation Office that he was "in good physical health" and had "no
history of chronic health problems." Presentencing Investigation
Report, d/e 24, ¶59. While the Court is sympathetic to Defendant's
health concerns, he has not shown that he will be at a significantly
greater risk of infection at FCI Milan than he would be if released.

FCI Milan has 1,310 total inmates. See FCI Milan, Federal Bureau of Prisons, https://www.bop.gov/locations/ institutions/mil (last accessed September 24, 2020). While FCI Milan previously saw an outbreak of COVID-19 cases, it has only one active case of COVID-19 as of September 24, 2020. See COVID-19 Cases, Federal Bureau of Prisons, https://www.bop.gov/coronavirus (last accessed September 24, 2020).

The Court considers that Defendant is currently serving an 84-month term of imprisonment. Defendant has served less than 4 years of this 7-year sentence. The Court finds, after reconsideration of the factors in § 3553(a), that Defendant is not entitled to compassionate release.

### III. CONCLUSION

For the reasons set forth above, Defendant Brandon Pittman's Motion for Compassionate Release (d/e 28) and Defendant's pro se motion for compassionate release (d/e 25) are DENIED.

ENTER:  September 24, 2020

/s/ Sue E. Myerscough
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE